IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LAWRENCE E. RUF, ) | |
| ) | |
|   Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: |
| v. ) | 4:18-cv-00194-JRH-GRS |
| ) | |
| WELLS FARGO BANK, N.A.; ) | |
| HSBC, USA, N.A. (As Trustee for ) | |
| MortgageIt Securities Corporation ) | |
| Mortgage Trust Series 2007-2), ) | |
| ) | |
|   Defendants. ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND ORIGINAL COMPLAINT**

**COME NOW** Defendants, Wells Fargo Bank, N.A. ("Wells Fargo") and HSBC, USA, N.A (As Trustee for MortgageIT Securities Corporation Mortgage Trust Series 2007-2) ("HSBC") (collectively "Defendants"), by and through the undersigned counsel and file and serve this their Response in Opposition to Plaintiff Lawrence E. Ruf's ("Plaintiff") Motion for Leave to Amend Complaint. Plaintiff's Motion should be denied for the following reasons:

### I.    BACKGROUND.

Plaintiff's Motion seeks leave to file an Amended Complaint adding fifteen (15) claims[1] or causes of action, (1) unjust enrichment, (2) violation of the Fair Credit Extension Uniformity Act, (3) violation of the Fair Debt Collection Practices Act, (4) Reasonable Reliance, Detrimental Reliance, (5) Quite Title, (6) Slander of Title, (7) Fraud in the Concealment, (8) Fraud in the Inducement, (9) Unconscionable Contract, (10) Breach of Contract, (11) Violations of the Consumer Credit Protection Act (CCPA), (12) Violation of Federal Regulations,

---

[1] Although Plaintiff's Motion to Amend lists thirteen (13) additional causes of action, the actual, proposed Amended Complaint lists fifteen (15).

Regulation X, 12 C.F.R. §1024.41(b)(2)(i)(A), (13) Negligent and Intentional Infliction of Emotional Distress, (14) Declaratory Judgment, and (15) Fifteenth Claim. Plaintiff's proposed Amended Complaint incorporates, by reference, the original Complaint, thereby making the proposed total number of causes of action twenty-three (23) pled throughout two hundred and sixty-three (263) enumerated paragraphs found within two separate documents. For the reasons discussed more fully herein and for the reasons discussed in Defendants' Motion to Dismiss Plaintiff's Amended Complaint, filed contemporaneously herewith, Plaintiff's Motion should be denied because it is futile.

## II.    ARGUMENT AND CITATION OF AUTHORITY.

Plaintiff's proposed Amended Complaint fails to cure deficiencies in his original Complaint, is filed in bad faith, and is futile, therefore Plaintiff's motion should be denied. Federal Rule of Civil Procedure 15(a)(1) provides "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1). At any time thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "District courts have broad discretion to grant or deny leave to amend. In the absence of undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted." *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994) (citations omitted). "Even so, granting leave to amend is not automatic." *Grant v. Countrywide Home Loans, Inc.*, No. 1:08-CV-1547-RWS, 2009 WL 1437566, *8 (N.D. Ga. May 20, 2009). "The district court, however, need not 'allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Corsello v. Lincare, Inc.*, 428

F.3d 1008, 1014 (11th Cir. 2005) (finding the district court did not abuse its discretion when it denied the Plaintiff's fourth motion to amend the complaint).

The Court should not allow an amendment of Plaintiff's Complaint because Plaintiff made no effort to fix deficiencies in his original Complaint and because the new causes of action in the proposed Amended Complaint are futile and appear to be asserted in bad faith. Defendants filed their Motion to Dismiss Plaintiff's original Complaint on August 21, 2018, and Plaintiff has failed to cure any of the deficiencies present in the original Complaint and has, instead, proposed to add numerous causes of action onto the deficient original Complaint. The current Motion to Amend and proposed Amended Complaint together with the original Complaint, with the accompanying documents, total over one hundred pages and include numerous false, misleading, incomprehensible, and outrageous statements. *See, e.g.,* (Dkt. No. 13-1 p. 10 ¶ 102) ("[Wells Fargo] will stop their fraudulent actions for no one and no thing, beginning with the Notary, and through anyone and everyone that has touched the properties or the paperwork."). For these reasons alone, Plaintiff should not be permitted to file the proposed Amended Complaint.

Moreover, Plaintiff's proposed Amended Complaint is futile because it fails to state a claim upon which relief can be granted and is subject to dismissal under Rule 12(b)(6) if it were permitted to be filed. "The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied." *Grant*, 2009 WL 1437566, at *8 (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999); *NCI Group, Inc. v. Cannon Servs., Inc.*, No. 1:09-CV-0441-BBM, 2009 WL 2411145,* 4 (N.D. Ga. Aug. 4, 2009). Out of an abundance of caution, the Defendants are filing a Motion to Dismiss the Amended Complaint,

contemporaneously with this Response, that details that the proposed Amended Complaint is futile and that there is no good cause to permit Plaintiff to amend the original Complaint with the proposed Amended Complaint. Plaintiff's Motion to Dismiss the Amended Complaint is incorporated herein in its entirety. The futility of the proposed Amended Complaint is another reason why Plaintiff's Motion should be denied.

### III.   CONCLUSION.

For all of the foregoing reasons, Defendants respectfully requests that the Court deny Plaintiff's Motion for Leave to Amend the Complaint.

Respectfully submitted this the 9th day of October, 2018.

                WOMBLE BOND DICKINSON (US) LLP

By:   /s/  Arthur A. Ebbs
       Robert R. Ambler, Jr.
       State Bar No. 014462
       Arthur A. Ebbs (Admitted Pro Hac Vice)
       State Bar No. 416181

271 17th Street NW
Suite 2400
Atlanta, Georgia 30363
Telephone:   (404) 872-7000
Facsimile:   (404) 888-7490
Email:   Arthur.Ebbs@wbd-us.com

*Attorneys for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing *DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND ORIGINAL COMPLAINT* was electronically filed with the Clerk of Court using the CM/ECF system and has been served on the following via U.S. Mail as follows:

>Lawrence E. Ruf
>312 McAlpin Drive
>Savannah, Georgia 31406

This 9th day of October, 2018.

>By:  /s/ Arthur A. Ebbs
>Arthur A. Ebbs (Admitted Pro Hac Vice)
>State Bar No. 416181