# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

LAWRENCE E. RUF,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., and HSBC, USA., N.A.,

    Defendants.

CIVIL ACTION NO.: 4:18-cv-194

## **O R D E R**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint, (doc. 5), Plaintiff's Motion for Extension of Time to Respond to that Motion, (doc. 9), Plaintiff's Motion for Leave to File an Amended Complaint, (doc. 13), and Defendants' Motion to Dismiss the Amended Complaint, (doc. 15). For the reasons and in the manner set forth below, the Court **GRANTS** Plaintiff's Motion for Leave, (doc. 13), and **DISMISSES AS MOOT** Defendants' Motions to Dismiss (docs. 5, 15), as well as Plaintiff's Motion for Extension of Time, (doc. 9).

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of right either within twenty-one days after serving it or within twenty-one days after service of a required responsive pleading or motion. However, as to all other amendments, a plaintiff may only amend "with the opposing party's written consent or with the court's leave" which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "The district court,

however, need not 'allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005).

Defendants oppose Plaintiff's Motion to Amend on grounds of futility. (Doc. 14.) They contend his proposed amended complaint does not address deficiencies in his original Complaint and raises new unsuccessful causes of action. (Doc. 14.) Without opining on the merits of Defendants' arguments, the Court does not find Plaintiff's Motion to Amend so frivolous that he should not be granted leave to amend. Therefore, the Court **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint, (doc. 13).

However, the Court will not permit Plaintiff to file an amended complaint that supplements or "incorporates by reference" his original Complaint as Plaintiff's proposed amended complaint seeks to do. (See Doc. 13-1.) Multiple piecemeal complaints that reference one another create confusion and prove to be unwieldy. The better course is for Plaintiff to have one pleading that sets forth all his allegations and claims against Defendants. Therefore, the Court **ORDERS** Plaintiff to file a single comprehensive "Amended Complaint" within **twenty-one days** of the date of this Order. This complaint should not reference or incorporate Plaintiff's prior pleadings. Rather, in his Amended Complaint, Plaintiff must set forth all allegations and claims he seeks to assert against Defendants in this lawsuit.

The Court advises Plaintiff, a pro se litigant, that Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, Rule 10(b) states,

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by

number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). Additionally, the United States Court of Appeals for the Eleventh Circuit and this Court strongly discourage "shotgun pleadings." The Eleventh Circuit has summarized the courts' disdain for these types of complaints as follows:

> Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." The first published opinion to discuss shotgun pleadings in any meaningful way (albeit in a dissenting footnote) described the problem with shotgun pleadings under the federal rules. See T.D.S. Inc. v. Shelby Mut. Ins. Co., 760 F.2d 1520 (11th Cir. 1985). The footnote, which began by quoting Rules 8(a)(2) and 10(b), commented:
>
>> The purpose of these rules is self-evident, to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not. "Shotgun" pleadings, calculated to confuse the "enemy," and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked, are flatly forbidden by the [spirit], if not the [letter], of these rules.
>
> Id. at 1544 n. 14 (Tjoflat, J., dissenting). That footnote described the complaint at issue in T.D.S. as "a paradigmatic shotgun pleading, containing a variety of contract and tort claims interwoven in a haphazard fashion." Id.
>
> . . . At times we have used the term "shotgun pleading" to mean little more than "poorly drafted complaint." In the hope that we could impose some clarity on what we have said and done about unclear complaints, we have examined more than sixty published decisions issued since the T.D.S. decision in 1985. One thing we looked for is how many types of shotgun pleadings have been used, wittingly or unwittingly, by attorneys and litigants.
>
> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject

> reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320–22 (11th Cir. 2015) (internal citations and references omitted).

The Court forewarns Plaintiff that if his Amended Complaint runs afoul of the Court's prohibition against shotgun pleadings, it will be dismissed. In other words, he must not commit the errors described above by the Eleventh Circuit, and he must give Defendants adequate notice of the claims against them and the grounds upon which each claim rests. Additionally, Plaintiff must avoid asserting legal theories that have no relation to his case, he should only provide factual allegations relevant to and supporting his claims against Defendants, he must only assert claims that arose from the same transaction or occurrence or series of related transactions or occurrences, he shall clearly identify each Defendant responsible for each alleged violation, and he must omit all legal argument or conclusions.

Once filed, Plaintiff's Amended Complaint will become the operative pleading in this case. Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). Consequently, the Court's granting Plaintiff's leave to amend moots Defendants' Motions to Dismiss. Perkins v. Kushla Water Dist., No. CIV.A. 13-00286-KD-B, 2013 WL 4511329, at *1 (S.D. Ala. Aug. 23, 2013) ("Because Plaintiff's amended complaint is now the operative

pleading in this action[,] Defendants' motion [to dismiss] is moot.") (citing Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); DeSisto College, Inc. v. Line, 888 F.2d 755, 757 (11th Cir. 1983); Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002)). Accordingly, the Court **DISMISSES AS MOOT** Defendants' Motions to Dismiss, (docs. 5, 15), and Plaintiff's Motion for Extension of Time to Respond, (doc. 9).

The Court anticipates that Defendants may renew many if not all their arguments for dismissal upon Plaintiff's filing of an Amended Complaint. Accordingly, the Court forewarns Plaintiff that a motion to dismiss is dispositive in nature, meaning that the Court's granting of a motion to dismiss could result in the dismissal of individual claims or an entire action. Consequently, the Court reminds Plaintiff that he must file a response either opposing or indicating his lack of opposition to any future motion to dismiss within **fourteen days** of the date the motion is served.[1] Local R. 7.5. If Plaintiff fails to file a timely response, the Court will presume that Plaintiff does not oppose the motion and dismiss individual claims or the entire action. Id. ("Failure to respond . . . shall indicate that there is no opposition to a motion.").

**SO ORDERED**, this 14th day of January, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Granting a motion to dismiss without affording a plaintiff either notice or an opportunity to be heard is disfavored. Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336–37 (11th Cir. 2011); see also Neitzke v. Williams, 490 U.S. 319, 329–30 (1989) (A notice of a motion to dismiss "alert[s plaintiff] to the legal theory underlying the defendant's challenge" and enables him to meaningfully respond "by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations [in an amended complaint] so as to conform with the requirements of a valid legal cause of action."). Thus, the Court provides this notice to Plaintiff regarding this obligation to respond.